UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GEM, INC., GEORGE MILLER, and ) <br> DONNA MILLER, ) <br> ) <br> Defendants. ) | Case No. 4:03CV593SNL |

## ORDER

This matter is before the Court on a Motion for Attorneys' Fees filed by Plaintiff Medicine Shoppe International, Inc. ("MSI") on February 3, 2005 (#44) in which MSI is seeking an award of its attorneys' fees and costs against Defendants GEM, Inc., George Miller and Donna Miller in the amount of $2,978.20. None of the Defendants has responded to the instant Motion.

MSI and Defendants entered into a License Agreement on December 22, 1994, which was subsequently assigned to GEM, Inc. on November 30, 1995. The License Agreement discusses to whom an award of attorneys' fees shall be made:

> The party prevailing in a judicial or arbitration proceeding or appeal thereof shall be awarded its costs and expenses including, ... attorneys' fees ... whether incurred prior to, in preparation for or in contemplation of the filing of any written demand, claim, action hearing or proceeding to enforce the obligations of this Agreement.
> See, License Agreement at ¶ 14M, attached to the instant Motion as Ex. 1.

On July 23, 2004, MSI obtained an arbitration award against Defendants for their failures to comply with their contractual obligations under the License Agreement, including the failure to pay monthly license fees to MSI. The award included MSI's attorneys' fees and costs incurred prior to and during the arbitration.

MSI made several requests that Defendants satisfy the award.  Defendants failed to comply with the award, and thereafter MSI filed its Motion to Lift Stay, Confirm Arbitration and for Other Relief in this Court (the "underlying motion"), which was granted by this Court on January 14, 2005.  MSI argues that it is entitled to $2,978.20 in connection with the underling motion because it prevailed, and therefore MSI is entitled to attorneys' fees pursuant to the License Agreement.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."  Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002) *citing* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  After carefully reviewing MSI's exhibits, including Exhibit A, which is an itemized record of attorneys' fees and costs, this Court finds that two different attorneys, Jake Palumbo ("Palumbo") and Kirill Abramov ("Abramov"), worked on the underlying motion.  Palumbo billed 0.7 hours at a rate of $265.00 for a total charge of $185.50, and Abramov billed 10.5 hours at a rate of $265.00 for a total charge of $2,782.50.  Finally, the duplicating costs totaled $10.20.

The Court does not find the total number of 11.2 hours spent on preparing and bringing the underlying motion to be excessive.  In regard to the hourly rate of $265.00, this Court cannot say that the rate is excessive because the underlying motion was granted after 11.2 hours of work and there has been no objection to the rate, or the number of hours billed, by opposing counsel.  Therefore, this Court must assume that opposing counsel does not find the rate, or the number of hours, to be excessive or unreasonable.  Finally, the duplicating costs of $10.20 appear reasonable.  Thus, this Court finds that because MSI is the prevailing party in the related arbitration proceeding, MSI should be awarded its reasonable costs and attorneys' fees incurred in bringing the underlying motion pursuant to the explicit language in the License Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Medicine Shoppe International, Inc.'s Motion for Attorneys' Fees (#44) be and hereby is **GRANTED** in the amount of $2,978.20.

Dated this 24th day of May, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE